UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>   v.<br><br>INGA YACOPETTI,<br><br>        Defendant. | 1:09-cv-00508 AWI -BAK GSA<br><br>ORDER TAKING MAY 15, 2009 HEARING ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT OFF CALENDAR AND RESCHEDULING HEARING FOR JUNE 5, 2009<br><br>ORDER DIRECTING PLAINTIFF'S COUNSEL TO CURE DEFICIENCIES IN MOTION FOR ENTRY OF DEFAULT JUDGMENT BY MAY 29, 2009.<br><br>(Documents 12, 16, 17.) |

Plaintiff State Farm Mutual Automobile Insurance Company ("Plaintiff") filed its motion for entry of default judgment in the above-entitled proceeding on April 13, 2009. (Doc. 12.) The matter is now pending before the Court, having been earlier referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b).

**BACKGROUND**[1]

---

[1] The background recitation is derived from Plaintiff's motion for default judgment and supporting documents and this Court's file.

1

On March 19, 2007, Defendant completed and submitted a written application to Plaintiff for a disability income insurance policy, making a series of representations about her health and her medical history as part of that application. (Doc. 2.) Thereafter, Plaintiff issued its disability income insurance policy, number HE427387-55 ("the policy"), to Defendant, providing the coverage for which she had applied. (Id.)

On March 18, 2009, Plaintiff filed a complaint against Defendant, seeking relief in the form of a judgment declaring the policy to have been null and void *ab initio,* validly and duly rescinded by Plaintiff, and of no further force or effect . (Id.) The complaint also asked the Court to declare Defendant released and discharged from any liability whatsoever under the policy. (Id.)

On March 18, 2009, the Clerk of this Court issued a summons to Defendant in this matter. (Doc. 5.) Plaintiff personally served Defendant with a copy of the summons and complaint on March 18, 2009. (Declaration of Robert Pohls ("Dec."), ¶ 3; Doc. 10.) On April 6, 2009, Plaintiff filed a certificate of service with the Court reporting service on Defendant as described. (Doc. 10.)

On April 13, 2009, Plaintiff filed its request for entry of default against Defendant and its Motion for Entry of Judgment by Default, the Declaration of Robert R. Pohls in support of Plaintiff's motion for default judgment, and a proposed form of order. (Docs. 11-17.) All of these documents were served by on Defendant on April 13, 2009. (Docs. 15, 16, 17.)

In response to Plaintiff's request for entry of default, the Clerk of the Court entered the default of Defendant on April 15, 2009. (Doc. 18.)

Defendant has not answered the complaint, appeared specially in this action, or otherwise communicated with this Court at any time since the filing of the complaint on March 18, 2009. (See Docket sheet.)

### DISCUSSION

**A.  Default Judgment Standards.**

A court has the discretion to enter a default judgment against one who is not an unrepresented infant or other incompetent person where the claim is for an amount that is not certain on the face of the claim and where (a) the defendant has been served with the claim; (b) the defendant's default has been entered for failure to appear; (c) if the defendant has appeared in the action, the defendant has

been served with written notice of the application at least three days before the hearing on the application; (d) the court has undertaken any necessary or proper investigation or hearing in order to enter judgment or carry it into effect; and (e) Plaintiff has filed a written affidavit addressing the current military status of the defendant. Fed. R. Civ. P. 55(b)(2); Alan Neuman Productions v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988); 50 U.S.C. app. § 521.

While the power to grant or deny relief upon an application for default judgment is within the Court's sound discretion (Sony Music Entertainment v. Elias, 2004 U.S. Dist. LEXIS 30385 (C.D. Cal. Jan. 20, 2004); 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2685), a plaintiff is required to state a claim upon which he may recover in order to grant the motion for a default judgment. Pepsico, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). Well pleaded factual allegations relating to liability will be taken as true; they are deemed admitted by defendant at the time of entry of default. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987); 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 (1998).

**B.      Analysis.**

    1.   Defendant's Status.

Fed. R. Civ. P. 55(b) permits the entry of a default judgment by the court against a minor or incompetent person only if represented by a general guardian, conservator or other like fiduciary who has appeared. The Servicemembers Civil Relief Act (formerly, the Soldiers' and Sailors' Relief Act of 1940) states that before a court is permitted to enter a default judgment for the plaintiff, the court "shall require the plaintiff to file with the court an affidavit ... stating whether or not the defendant is in the military service and showing necessary facts to support the affidavit ... or ... if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not defendant is in the military service." 50 U.S.C. app. § 521(b)(1). The affidavit requirement is fleshed out further on in that same section: "The requirement for an affidavit under paragraph (1) may be satisfied by a statement, declaration, verification, or certificate in writing, subscribed and certified or declared to be true under penalty of perjury." 50 U.S.C. app. § 521(b)(4). See also 28 U.S.C. § 1746 and Local Rules of Court rules 1-101, 43-142, 78-230(b) and

(i) for related information regarding affidavits, etc. Moreover, if the affidavit or declaration states that defendant is or is not in the military at this time, it must also contain facts necessary to support that affidavit. 50 U.S.C. app. § 521 (b)(4).

Nowhere in the complaint, the moving papers, or counsel Pohl's declaration are there any statements describing the defendant's status, i.e., whether or not she is a minor, an incompetent person, a member of the military or otherwise protected under the Servicemembers Civil Relief Act (50 U.S.C. app. §§ 501 et seq.). These omissions are deficiencies that must be cured before the Court may reach the substance of the relief sought, i.e., a declaratory judgment. A sufficient written affidavit or declaration containing the requisite information, including factual support for statements made concerning the defendant's military status, is needed before the Court may proceed to a determination on the motion.

2. <u>No Demonstration of Legal Sufficiency of Claim</u>.

Because claims that are legally insufficient are not established by a party's default, a court in considering an application for default judgment must determine whether the claims upon which a plaintiff seeks a default judgment are legally sufficient. An application for a default judgment qualifies as a motion pursuant to Fed. R. Civ. P. 7(b)(1) and Local Rule 1-101(19), and it should include briefs pursuant to Local Rule 78-230(b). Thus, when seeking a default judgment, a plaintiff should provide the Court with points and authorities containing citations to authority showing that the Plaintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief. It is the party's burden to demonstrate to the Court that under the pertinent law, the Plaintiff's claims, as alleged, are legally sufficient.

The present submission does not meet that burden. Although well pleaded facts will be deemed admitted by the defendant upon defendant's default, the Court must also be satisfied that such facts are sufficient to state a claim for the relief sought. What is necessary -- and what is missing here -- is legal authority showing that the allegations of the complaint form an adequate basis for concluding that (1) the insurance contract was void from the beginning as a result of material misrepresentations and/or omissions made by Defendant in her application for the insurance policy involved here, and (2) Plaintiff may properly be discharged and/or released from all liability

4

under the policy based upon the complaint's allegations.

In view of the foregoing considerations, the Court concludes that Plaintiff has not yet sufficiently demonstrated that the Court may proceed to enter judgment by default in this matter.

**ORDER**

Accordingly, it is ORDERED that:

1. The hearing set for May 15, 2009 on Plaintiff's Motion for Entry of Default Judgment by the Court IS TAKEN OFF CALENDAR on that date and RESCHEDULED for June 5, 2009 at 9:30 a.m.;

2. On or before May 29, 2009, Plaintiff SHALL FILE with the Clerk a legally sufficient memorandum of Points and Authorities that fully complies with the requirements of Local Rule 78-230(b) as discussed herein;

3. On or before May 29, 2009, Plaintiff SHALL FILE with the Clerk an affidavit addressing Defendant's status as discussed herein, in a form and with substantive contents sufficient to satisfy relevant legal requirements; and

4. Plaintiff is INFORMED that Plaintiff's failure to file appropriate supporting documents for its Motion for Entry of Default Judgment by Court, as provided for herein, will result in a denial of Plaintiff's motion.

IT IS SO ORDERED.

Dated: **May 12, 2009**      **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE