UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | 1:09-cv-00508 AWI -BAK GSA |
|---|---|---|
| Plaintiff, | ) ) ) ) | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BY COURT |
| v. | ) ) | (Documents 12, 16, 17, 21, 22.) |
| INGA YACOPETTI, | ) ) ) | |
| Defendant. | ) ) | |

    Plaintiff State Farm Mutual Automobile Insurance Company ("Plaintiff") filed the instant motion for entry of default judgment on April 13, 2009.  (Doc. 12.)  The matter is now pending before the Court, having been earlier referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b).

**INTRODUCTION AND BACKGROUND**[1]

    This is a diversity jurisdiction action.  Plaintiff is a mutual insurance company incorporated under the laws of Illinois, with its principal place of business located in that same state.  (Doc. 2, ¶ 1.)  Defendant Inga Yacopetti ("Defendant") is an individual who resides in Kern County, California and who is a citizen of the State of California.  (Doc. 2, ¶ 2.)  The amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

---

[1] The background recitation is derived from Plaintiff's motion for default judgment and supporting documents and this Court's file.

1

On March 19, 2007, Defendant completed and submitted a written application to Plaintiff for a disability income insurance policy that would provide for a monthly income benefit of $2,000.00 to Plaintiff under certain terms and conditions, with the maximum benefit period expiring on Defendant's sixty-fifth (65th) birthday.  (Doc. 2, ¶ 6.)  As part of that application, Defendant made a series of representations about her health and her medical history.   (Doc. 2, ¶¶ 7-12.)  Thereafter, Plaintiff issued its disability income insurance policy, number HE427387-55 ("the policy"), to Defendant, providing the coverage for which she had applied.  (Doc. 2, ¶ 13.)  The effective the date of the policy was March 19, 2007.  (Id.)

On March 18, 2009,  Plaintiff filed a complaint against Defendant, seeking relief in the form of a judgment declaring the policy to have been null and void *ab initio,* validly and duly rescinded by Plaintiff, and of no further force or effect .  (Doc. 2, 6:7-11.)  The complaint also asked the Court to declare Defendant released and discharged from any liability whatsoever under the policy as well as for costs of suit Defendant had incurred in prosecuting this action. (Doc. 2, 6:12-15.)

On March 18, 2009, the Clerk of this Court issued  a summons to Defendant in this matter.  (Doc. 5.)  Plaintiff personally served Defendant with a copy of the summons and complaint on March 18, 2009.  (Declaration of Robert Pohls ("Dec."), ¶ 3; Doc. 10.)  On April 6, 2009, Plaintiff filed a certificate of service with the Court reporting service on Defendant as described.  (Doc. 10.)

On April 13, 2009, Plaintiff filed its request for entry of default against Defendant and its Motion for Entry of Judgment by Default, with supporting papers.  (Docs. 11-14.)  On April 13, 2009, and after the initial Motion for Default Judgment was filed,  Plaintiff filed two successive Amended Motions for Default Judgment ("Motion"), altering the dates and times of the hearing.  (Docs. 16, 17.)  All of these documents were served by on Defendant on April 13, 2009.  (Docs. 15, 16, 17.)

In response to Plaintiff's request for entry of default, the Clerk of the Court entered the default of Defendant on  April 15, 2009.  (Doc. 18.)

The Docket report maintained by the Court in connection with this case shows that Defendant has not answered the complaint, appeared specially in this action, or otherwise communicated with this Court at any time since the filing of the complaint on March 18, 2009.  (See Docket sheet.)

2

In its Motion, Plaintiff seeks a default judgment against Defendant declaring (1) the policy to have been null and void *ab initio,* validly and duly rescinded by Plaintiff, and of no further force or effect, and (2) Plaintiff released and discharged from any liability whatsoever under the policy. (Doc. 13, 2:15-20, 2:24-3:1-2; Doc. 14.) In its Motion, Plaintiff does not ask for costs of suit to be awarded. (Id.).

## DISCUSSION AND ANALYSIS

**A.     Default Judgment Standards.**

A defendant is in default if the defendant fails to plead or otherwise defend a complaint within the time period permitted by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). The Federal Rules generally allow a defendant twenty days after service of the summons and complaint to file an answer. Fed. R. Civ. P. 12(a). If a defendant fails to respond within the time period provided by the Federal Rules of Civil Procedure and sufficiently demonstrates that fact to the clerk of the court, the clerk must enter the defendant's default. Fed. R. Civ. P. 55(a).

A court has the discretion to enter a default judgment against one who is not an unrepresented infant or other incompetent person where the claim is for an amount that is not certain on the face of the claim and where (a) the defendant has been served with the claim; (b) the defendant's default has been entered for failure to appear; (c) if the defendant has appeared in the action, the defendant has been served with written notice of the application at least three days before the hearing on the application; (d) the court has undertaken any necessary or proper investigation or hearing in order to enter judgment or carry it into effect; and (e) Plaintiff has filed a written affidavit addressing the current military status of the defendant. Fed. R. Civ. P. 55(b)(2); Alan Neuman Productions v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988); 50 U.S.C. app. § 521.

While the power to grant or deny relief upon an application for default judgment is within the Court's sound discretion (Sony Music Entertainment v. Elias, 2004 U.S. Dist. LEXIS 30385 (C.D. Cal. Jan. 20, 2004); 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2685), a plaintiff is required to state a claim upon which he may recover in order to grant the motion for a default judgment. Pepsico, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). Well pleaded factual allegations relating to liability will be taken as true; they are deemed admitted by

defendant at the time of entry of default. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987); 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 (1998).

**B.     Analysis.**

    1.   Defendant's Status and Service of the Complaint.

There is a written declaration on file in this action stating, under penalty of perjury, that Defendant was, to the best of the declarant's information and belief, 39 years old and otherwise competent at the time she entered into the transaction that formed the basis upon which relief is sought in this matter. (Doc. 21, Declaration of Robert R. Pohls ("Polhs Dec."), ¶ 3.) Declarant further states, apparently on information and belief, that the only disability from which Defendant claims to suffer currently is physical in nature, related to injuries to her neck and/or spine she suffered in a car accident. (Pohls Dec., ¶¶ 6,7.) Declarant also sets forth facts that reasonably support the conclusion that Defendant has not previously served in the United States military and is not currently in the military service or otherwise protected from entry of default judgment by the provisions of the Servicemembers Civil Relief Act, 50 U.S.C. §§ 501 et seq. (Pohls Dec., ¶¶ 3-7, and Exhibit 1.)

According to the proof of service filed with the Court, copies of the complaint and summons were  personally served on Defendant at her home address on March 18, 2009. (Doc. 10.)  Personal service is a method of service explicitly authorized by Fed. R. Civ. P. 4(e)(2). Accordingly, the service predicate to entry of a default judgment has been met.

    2.   Clerk's Entry of Default for Failure to Appear.

On April 15, 2009, the Clerk of the Court entered Defendant's default. (Doc. 18.) Twentieth Century Fox Film Corp. v. Streeter, 438 F.Supp.2d 1065, 1070 (D. Ariz. 2006) ("After entry of default, a court may grant a default judgment on the merits of the case").

    3.   Notice of Application for Default Judgment.

A defaulting party is entitled to written notice of the application for default judgment, served at least three days prior to the hearing on the defaulting party, unless the party has not appeared in the action. Fed. R. Civ. P. 55(b)(2). An appearance for the purpose of Rule 55 need not be a formal one

and may consist even of informal contacts made by the defaulting party where the defaulting party demonstrates a clear purpose to defend the suit.  See In re Roxford Foods, Inc., 12 F.3d 875, 879-881 (9th Cir. 1993) (holding in a declaratory relief action that communications by a trustee in bankruptcy regarding an identical claim in a related bankruptcy action sufficient to demonstrate clear intention to defend where time had been given to trustee to retain counsel for representation on the merits).  Thus, the party seeking the default judgment must demonstrate either that the required notice has been given, or that the defaulting party has not appeared in the action and that notice is, therefore, not required.

In this case, Defendant has not appeared in the action, notwithstanding having been served with the complaint and summons.  Accordingly, pursuant to Fed. R. Civ. P. 55(b)(2), notice of application for entry of default judgment was unnecessary.  Twentieth Century Fox Film Corp., 438 F.Supp.2d at 1070-1071; Discovery Communications, Inc. v. Animal Planet, Inc., 172 F.Supp.2d 1282, 1287 (C.D. Cal. 2001).  Additionally, although not legally required, the Court notes Plaintiff's various proofs of service showing that Plaintiff's motions for entry of default judgment and supporting documents were mailed to Defendant on April 13, 2009 to her last known address. (Docs. 15-17.)  In view of these facts, the notice predicate to the Court's entry of default judgment is inapplicable, and such a judgment may be entered against Defendant should the remaining predicates be satisfied.

    4.  Liability.

When considering an application for a default judgment, a court must determine whether the claims upon which a plaintiff seeks a default judgment are legally adequate; legally insufficient claims are not established by a party's default.  Alan Neuman Productions, Inc., 862 F.2d at 1392.

The Court has reviewed and considered the allegations in the complaint (Doc. 2), the statements contained in Plaintiff's Memorandum of Points and Authorities (Doc. 22), and the supporting declarations of Robert R. Pohls (Docs. 13, 20).  Having defaulted in this matter, the material allegations of Plaintiff's complaint relating to liability are deemed admitted by Defendant.

The complaint alleges the following facts.  On March 19, 2007, Defendant completed and submitted a written application to Plaintiff for a disability income insurance policy that would

provide for a monthly income benefit of $2,000.00 to Plaintiff under certain terms and conditions, with the maximum benefit period expiring on Defendant's sixty-fifth (65th) birthday. (Doc. 2, ¶ 6.) As part of that application, Defendant made a series of representations about her health and her medical history. (Doc. 2, ¶¶ 7-12, Pohl's Dec., ¶ 3.) Those representations included assurances that Defendant had not, within the previous ten years, been diagnosed or treated for: (1) mental or nervous disease, illness, or impairment, recurrent headaches, epilepsy or convulsions, paralysis or stroke; (2) arthritis, injury, disease, or impairment of the spine, neck or back, jaw, arm, leg, shoulder, wrist, hand, hip, knee, ankle or foot; and/or (3) certain blood-related disorders, including anemia. (Id.) Other representations made by Defendant about her health status in her application included assurances that, within the previous five years, she had not had surgery or discussed with a medical practitioner a possible need for surgery except as she might otherwise have explained in the application, nor had she been prescribed any medication not otherwise explained in the application. (Id., Pohls Dec., ¶ 3.) As part of her application for this coverage, Defendant specifically assured Plaintiff that each of the statements made in the application for disability insurance coverage was true and complete (Doc. 2, Pohl's Dec. ¶ 3), and acknowledged that the failure to disclose her medical history completely and correctly in that application could result in the coverage being voided from the effective date of the policy. (Doc. 2, ¶ 12.) Thereafter, and in reliance upon the accuracy of Defendant's statements and representations that were made as part of Defendant's coverage application, Plaintiff issued its disability income insurance policy, number HE427387-55 ("the policy"), to Defendant, providing the coverage for which she had applied. (Doc. 2, ¶¶ 13, 14.) The policy was delivered to Defendant (Doc. 2, ¶ 13) with an effective the date of March 19, 2007. (Id.)

      Subsequently, Plaintiff learned that each of the above-listed representations was false, incomplete, and untrue. (Doc. 2, ¶ 16; Polh's Dec. ¶ 6.) Within the time frames set forth in the various representations (i.e., five or ten years), Defendant had been treated for bipolar disorder and depression, nervousness, headaches, and paralysis; pernicious anemia; and systemic erythematosis lupus, including lupus arthritis, muscle weakness, joint pain, swelling and stiffness, back trouble, lower extremity neuropathy, and hand numbness. (Doc. 2, ¶ 15., Pohl's Dec. ¶6.) In addition, Defendant had been prescribed certain medication as part of the treatment for some of these

6

conditions/disorders. (Doc. 2, ¶15.) Defendant had also undergone several surgeries within the five years prior to the date of her application for insurance coverage. (Id.) None of this information was otherwise disclosed by Defendant to Plaintiff when she applied for disability coverage with Plaintiff. (Doc.2, ¶¶ 7-12.) That failure rendered Defendant's statements and representations about her medical history and health status false, incomplete, and untrue, a fact known to Defendant at the time she made those statements and representations. (Doc. 2, ¶ 15.) It was also material to Defendant's acceptance for coverage; Plaintiff would not have approved Defendant's application, issued the coverage, or delivered the policy to Defendant had Plaintiff known that any or all of these statements and representations were false, incomplete, or untrue. (Doc. 2, ¶ 14.) Plaintiff has tendered to Defendant a check representing a refund of all premiums paid to and received by Plaintiff on account of that coverage. (Doc. 2, ¶ 18.) According to representations made by Plaintiff's counsel in support of the application for entry of default judgment (Doc. 22), Defendant did not negotiate that check and, consequently, Plaintiff repeated and renewed its offer to refund those premiums upon condition that Defendant restore to Plaintiff everything of value which Defendant received from Plaintiff under the policy. (Doc. 2, ¶ 18.)

The Court finds that these facts are sufficient to support the grant of relief sought by Plaintiff in this action, i.e., a judgment against Defendant declaring that the policy at issue here has been null and void *ab initio*; that the policy has been validly and duly rescinded by Plaintiff and is of no further force or effect; and that Plaintiff is released and discharged from any liability whatsoever under the policy.

Under California law, "a false representation or a concealment of facts, whether intentional or unintentional, which is material to the risk, vitiates the policy. The presence of an intent to deceive is not essential." Telford v. New York Life Ins. Co., 9 Cal.2d 103, 105 (1937); California Insurance Code § 331. An insurer is allowed to rescind insurance coverage when it can be shown that an insured made material misrepresentations in an application for insurance. California Insurance Code § 359. Upon rescission, any consideration received by the insurer must be returned. California Civil Code §§ 1691, 1692; Imperial Casualty & Indem. Co. v. Sogomonian, 198 Cal. App. 3d 169, 184, 243 Cal. Rptr. 639 (1988) (holding that "upon a rescission of the policy of insurance, based upon a

material concealment or misrepresentation, all rights of the insured thereunder (except the right to recover any compensation paid in the purchase of the policy) are extinguished ... .")

Materiality is determined "solely by the probable and reasonable influence of the facts upon the party to whom the communication is due, in forming his estimate of the disadvantages of the proposed contract, or in making his inquiries." California Insurance Code § 334.  "An insurer has a right to know all that the applicant for insurance knows regarding the state of his health and medical history. ... The fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality as a matter of law " [Citations omitted.] Thompson v. Occidental Life Ins. Co., 9 Cal.3d 904, 915-916, 109 Cal.Rptr. 473, 513 P.2d 353 (1973).

> An insurance company is entitled to determine for itself what risks it will accept, and therefore to know all the facts relative to the applicant's physical condition. It has the unquestioned right to select those whom it will insure and to rely upon him who would be insured for such information as it desires as a basis for its determination to the end that a wise discrimination may be exercised in selecting its risks. [Citation.]

Robinson v. Occidental Life Ins. Co., 131 Cal.App.2d 581, 586,  281 P.2d 39 (1955).

From the undisputed evidence before the Court, the Court finds that Plaintiff has sufficiently established Defendant misstated and/or omitted critical facts about her health status and medical history in response to questions posed by Plaintiff  in its application for disability when applying for the policy of disability insurance involved herein.  Additionally, the Court further finds that it is clearly reasonable to conclude the information sought by the Plaintiff in that application (and denied to it by Defendant's omissions and misstatements) was material to Plaintiff's decision to provide the requested insurance coverage.  That conclusion is supported by the nature of the insurance coverage which Defendant sought, the type and amount of the information which went undisclosed, and the fact that Plaintiff specifically requested the information on its application and thereafter relied upon it in issuing the policy.  Moreover, Plaintiff's uncontradicted evidence confirms that this information was critical to its decision to issue the policy involved herein.  Under these circumstances, the Court finds the materiality of Defendant's misstatements and omissions cannot be reasonably disputed.

Among other things, California Civil Code section 1691 provides that, in order to effect a rescission of a contract, the party entitled to rescind must, promptly upon discovering the facts which entitle him or her to rescission, give notice of rescission to the other party and offer to restore to the other party everything of value which the rescinding party has received from the other under the contract upon condition that the other party do likewise. That statute further provides that the service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice. Id. The evidence before the Court shows that (1) Plaintiff's complaint seeks a declaration stating that the subject insurance contract is, and has been, validly rescinded and (2) Plaintiff has offered to restore to Defendant everything of value which Plaintiff has received under the contract, an offer made both before the filing of this action as well as in the complaint itself. Plaintiff's counsel has represented that Defendant has refused tender of the returned premiums.[2] (Doc. 22, 5:24-26, 6:1-5.) The Court finds that Plaintiff has made the requisite offer to restore to Defendant everything of value which Plaintiff has received from Defendant under the contract upon condition that Defendant do likewise.

In an action or proceeding in which a party seeks relief based on rescission, California Civil Code section 1692 confers upon the court the authority to require the party to whom such relief is granted to make any compensation to the other party which justice may require. Plaintiff's complaint asks, as part of its prayer for judgment, "for such other and further relief as the Court may deem just and proper." (Doc. 2 at p.6.)

Based on the foregoing, the Court finds that Plaintiff's motion for entry of default judgment by the Court should be granted. The Court should enter judgment declaring that State Farm Mutual Automobile Insurance Company's disability income insurance policy number HE427387-55 has been validly rescinded and is null and void *ab initio*; and that State Farm Mutual Automobile Insurance Company is released and discharged from any liability whatsoever under its policy number HE427387-55. Judgment should include a provision ordering Plaintiff to again forthwith tender to

---

[2] Fed. R. Civ. P. 11(b) provides, in part, that, by presenting to the court a written motion or other paper, an attorney certifies that, to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the legal contentions are warranted by existing law and the factual contentions have evidentiary support.

Defendant the amount of all premium payments made by Plaintiff to Defendant under State Farm Mutual Automobile Insurance Company's disability income insurance policy number HE427387-55.

RECOMMENDATION

For the reasons discussed above, the Court RECOMMENDS to:

1. GRANT Plaintiff's Application for Default Judgment by the Court in favor of Plaintiff and against Defendant:

2. Enter judgment (a) declaring that State Farm Mutual Automobile Insurance Company's disability income insurance policy number HE427387-55 has been validly rescinded and is null and void *ab initio*, and that State Farm Mutual Automobile Insurance Company is released and discharged from any liability whatsoever under its policy number HE427387-55, and (b) ordering State Farm Mutual Automobile Insurance Company to forthwith tender to Inga Yacopetti the amount of all premium payments made by Inga Yacopetti to State Farm Mutual Automobile Insurance Company under State Farm Mutual Automobile Insurance Company's disability income insurance policy number HE427387-55.

This Report and Recommendations is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned, "Objections to Magistrate Judge's Report and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 11, 2009**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE